And the next case we have is Vanessa Velasco Ortega versus County of Oconegon Sorry, Isaiah Holloway and County of Oconegon. I hope I'm not mispronouncing the county's name Okanagan I apologize Good morning, your honors. My name is Amanda Keene and I represent the appellant Isaiah Holloway. I'd like to reserve five minutes for rebuttal if I may The issue before this court is whether the district court erred when it dismissed defendant appellant Holloway's motion for summary or when it denied Defendant Holloway's motion for summary judgment to dismiss plaintiff appellant's 14th amendment equal protection claim Finding quality immunity did not shield Holloway from liability on that claim As this court is no doubt aware in order to establish qualified immunity the court must find the state actors conduct clearly violated and a statutory or constitutional right of the appellee and Under this stand standard the district courts denial of qualified immunity was error for two reasons first the appellee failed to present evidence of a constitutional violation in So far as she failed to prove that Isaiah Holloway was acting as a state actor at the time of the incidents alleged to be unconstitutional and Any alleged constitutional deprivation was not clearly established because neither Holloway nor any reasonable officer Knowing what Holloway knew at the time would have considered the sexual interactions with appellee To be the sexual harassment in violation of the equal protection As the courts probably aware we can jump to either one of those prongs with the court's indulgence I'd like to jump straight into prong two, which is the knowledge that the constitutional deprivation was clearly established The district court solely relied on the September 9th 2020 decision of Sampson This reliance was error as the alleged constitutional deprivations occurred in late 2019 and early 2020 There is one allegation to be fair to the record that there is a factual dispute here because she says Late in 2020, correct. I believe the record is fall of 2020 She alleged that there was one final well, let me be clear The sexual interactions between the two three of earth's are four of the five occurred in according to her early Late 2019 early 2020. She does allege. There is a final sexual interaction in fall of 2020 however, that sexual interaction according to her own testimony was in Wenatchee, which is two hours south it was not when Officer Holloway was in his patrol car in his uniform It was behind a Costco there's really nothing to To give rise to the idea that he was acting as a state actor at the time of that fall of 2020 sexual interaction What about the what about the text messages that occurred in? December of 20 allegedly in December of 2020 and early of January 2021 and I I raised that because obviously there were allegations of sexual contact but why wouldn't the Sexual nature of the text messages also potentially fall within the auspices of Samson as a sexual harassment claim Yes, your honor Two points there one. This is a rule 56 motion or it was below it was not a rule 12 motion So the court needs to be looking at the evidence not the allegations in the complaint And evidence implies that the evidence should be admissible and here No, no, we're on interlocutory review so we're not here to weigh evidence and if and if there's And then there's a little bit of a gray area around this, but I think we may not even have jurisdiction to review Matters that they just you know as to going to the weight of the evidence So it wouldn't I mean don't we have to take plaintiffs allegations as true and then determine in the light of that Underqualified immunity whether there's clearly established law Well, here's what the plaintiff can allege The plaintiff can allege that the that she sent these are it may be a distinction without a difference But they are their Facebook messages not text messages Facebook messages carry with them a different layer of authentication that that may be problematic here especially in light of the fact that the Facebook messages are sent not from Isaiah Holloway, but from a Different Facebook account under the name of Jacob Jones And then some of the Facebook messages are sent by an unknown user that even plaintiffs Forensic computer person couldn't determine who they had actually come from. So in terms of authentication There's really nothing to show that they come from my client. But even if this court is to take Take plaintiff at her word and say that the Facebook messages did come from the client If you look into the nature of the Facebook messages There's really nothing in the incoming messages that could be construed as sexually harassing I would I would venture to say actually quite the opposite is true. The Facebook messages from miss Ortega at least in my difficulties, I Think you have a very cogent explanation of everything and that may be the end result but There's two issues. It seems to me with the qualified immunity appeal The first is that we can't weigh the evidence on color of state law under Johnson. So that seems to me For better for worse that's out and eventually the district court will sort that out So then you get to the question of well just pure qualified immunity and now you're pointing up shades of interpretation and of course we do know that Sexual harassment does violate equal protection because it's assumed to be gender-based So that's the constitutional violation. It seems to me the question here is in the face of this record could we say that there's Qualified immunity and that's where I'm having some trouble in thinking. Well, it's the classic In this particular case in light of the allegations. It's got to go back for fact finding in a trial But the question would be when was the constitutional violation clearly established under the 14th Amendment equal protection claim because a number of the claims That are akin to the fact pattern here. We're just we're decided under the Fourth Amendment seizure. It wasn't until Samson in September of 2020 that this court expanded the equal protection Analysis outside the context of a school or an edge or an employment environment and in that case even Samson only extended it to social Services, I have yet to find a case that really extends equal protection claims to law enforcement services Especially during the time period at issue here, which would be late 2019 Even through 2020 if we want to if we want to include the time in which the Facebook messages were exchanged so we have the the general principle about Sexual harassment being gender-based violence, so that's a constitutional claim I don't think we have to have it applied to a specific category of Individuals, so I take your point on Samson It's kind of Uncle unclear. I mean Samson's 2020. We have some allegations as you point fall and maybe 2021 So I don't I don't know that Samson You know is any kind of slam dunk for Ortega here because of the timing but we do have that other principle and so it seems to me that It boils down to a factual dispute because we got a timing issue and we have a substance issue substance meaning the content as you and you point out some of the difficulties with the content, but Doesn't that just underscore? The whole factual nature that would require a remand. I Think when you carve the facts Down to what this court and I'm we're not asking the court to reweigh facts I guess we're asking the court to perhaps take different inferences from the facts that the district court record establishes But when you look at the facts, you know our position would be pretty much anything before September 9th of 2020 that's alleged in this claim would be would not give a Defendant Holloway notice of the constitutional violation in light of the language in Samson So then we're just looking at what happened after Samson and we're looking at the one sexual interaction that occurred off work out of uniform You know miss Ortega herself had to drive two and a half hours south to meet. Mr Holloway behind the Costco and and I guess I should just say for the record my client denies all of this But I understand you have to take these facts. We totally understand. Okay. All right You know that interaction I think under the the rest of the case law and perhaps going back to prong one Which is was this actor acting under color of state law? There's really nothing in the case law, you know Those cases are much more flagrant than someone meeting behind a Costco on in their off time in addition to First for the encounters before September 9th of 2020 the encounters before Samson We would argue under the second prong that there was no clearly established right under the Equal Protection Act under the 14th Amendment Which is the only claim? Yeah, but we don't you know this Supreme Court Says that you don't need them You know an identical case you don't need a Twin sort of speak What reasonable officer wouldn't understand That it's unlawful Why I think you engage in this kind of conduct Understood what I think the what I think the officer did we did not understand was that he would be acting under color of state Law, that's what I think the officer would not understand and that that's based on different. That's a different. That's a different issue in other words It might be a constitutional violation if I were acting under color of state law, but I don't think I am sure But that is a question that's got to go back to be determined So well, then let's look at Boyd versus Benton County Of course a case that I think this course familiar with, you know in that case that was an excess use-of-force case but that case addressed whether the use of flash bangs could be whether a Qualified whether an officer would be entitled to qualified immunity for the use of flash bangs When there was no case on point that said flash bangs were on were an excessive use of force But there was a case on point that said the use of firearms was an excess use of force Even in that case the court said you can't just rely on the fact that there's new technology to shield you from qualified immunity However, that court said we're looking at the other cases around the nation and the other cases around the nation are saying This is actually a reasonable use of force this is It just can't be defined as too high of Right, you know, we don't really need a lot of technology on this one, right? Yeah, what about what about Fontana? I mean, I know Much of the analysis turned on the fact that it was a Fourth Amendment claim Because it was in the context of an arrest But there was quite a bit of discussion in Fontana and in footnotes about how normally Police related interactions that involve sexual harassment or something worse is analyzed under the Fourteenth Amendment and in the court discusses out-of-circuit authorities to that so could that supply enough of a Clear law in this context. I don't think so because I think this court addressed just that issue in Samson I mean the court sort of resignedly said we don't want to find that was a social worker sexual harassment and so that's you know, they're I don't know that there weren't really many cases related to That to a social worker interacting with with a public facing in their public facing role But there have been cases of officer misconduct in in this circuit and other circuits you know where they've stepped out of bounds and and shocked the conscience under a Fourth Amendment understanding, so Why couldn't Fontana be? Something a little more clear for us to be guided by And I think the fact that the court is using the term a little bit more clear is perhaps where the issue lies you know the Unfortunately, this courts been sort of slapped on the wrist quite a bit from the United States Supreme Court at defining clearly established in Too high a level of generality. So in this case, I mean, I think again I don't want to keep coming back to Samson You know I think Samson is sort of the the poster child for why and how this court wants to proceed on issues like this in the Future, you know the the court in Samson didn't want to it didn't seemingly want to permit qualified immunity But it did and then it said affirmatively going forward. We're going to apply it in these in these certain instances But why wouldn't given the ambiguity of the facts and the inferences even if Samson were the only case Why wouldn't that defeat qualified immunity? I think it would defeat qualified immunity specifically for anything that happened before September 9th of 2020 and I think maybe My position would be anything after September 9th of 2020 Which I don't think it's clear in the record whether the final sexual interaction occurred before or after September 9th but the position would be Under the you know going back to the first prong whether or not that's clearly established as of Samson going back into the first prong None of the factual allegations there would give rise to a person actor ending acting under color of state law. Thank you Thank you Good morning may it please the court My name is Tyler Hotchkiss and I represent the appellee and cross appellant Vanessa Velasco The review in this matter is de novo with all inferences to be drawn in the light most favorable to miss Velasco This case is about common sense and what it tells us about the actions of mr. Holloway in addition to common-sense Holloway Was on clear notice via case law that his actions Would violate the constitutional rights of miss Velasco and other women that he preyed upon as a detective and as a deputy of the Okanagan County Sheriff's Office It's common sense that you as an officer cannot have sex with someone who is a suspect in a burglary you are investigating It is common sense that you as an officer Cannot have sex with someone who you found in possession of stolen property within weeks of having been in possession of that property Of note, mr. Velasco was never charged with the crime related to the burglary or related to the possession of stolen property It's common sense that you as an officer cannot hold charges over someone's head and have a sexual relationship with them Pursuant to miss Velasco's testimony. That is what happened in this case It is common sense that you as an officer cannot have a sexual relationship with someone while on duty in uniform knowing their history of drug use and criminal involvement just weeks prior to The first sexual interaction between miss Velasco and detective Holloway Detective Holloway found miss Velasco at a known drug house with a meth bong with drugs in it. Additionally Deputy Holloway had arrested miss Velasco prior to this deputy Holloway had found or known about drug involvement in addition to the Interaction at the drug house. And so so council, what what do you think is the best clearly established law to support Miss Velasco's claims. I think I think the court hit on really all of them. Okay, I think Fontana is a great case I think one of the problems with these cases as the court might recognize right and as Hess recognizes is that sometimes they're analyzed under The Fourth Amendment sometimes they're analyzed under substantive due process. Sometimes they're analyzed under equal protection In my mind those distinctions don't matter And here's why is because if the same act Involved multiple constitutional right notice of the act itself being unconstitutional is enough to establish The violation of the constitutional right and would you agree that with respect to the specifics of Samson? that it would only constitute clearly established law post September of 2020 No, I don't I don't think that Samson is a limiting factor here. In other words, I don't think that Samson Starts the clock. That's really not my question. My question is with respect to invoking Samson as a source of established law We can't look before September of 2020. Can we if you I'm not sure completely understand your question your arm But if your question is whether there's any other case besides Samson then certainly there is if you're saying this Samson I think Sam Samson certainly adds to it, right? Okay, but I think if you're looking at leaving aside Samson, you're saying Fontana What else West versus Atkins is a Supreme Court case. It's a it's a case involving the Eighth Amendment but it does involve equal protection as well as as Sexual conduct related thereto and I think that establishes that that's one of the cases that the Eighth Circuit looked to in Apologies the name of the cases in Johnson versus Martin when established that a a Abusive authority over non-employees on the basis of sex was clearly established in 1999 is what they said, right? And so your honor, I think West along with Johnson versus Martin I think dang-bang is another case where they're this idea of what is it equal protection or is it substantive due process? I also think that's one of the reasons your honor that this court Should invoke pendant jurisdiction in this case, right is because these these two items are intertwined because you know back to my Original point was just as a hypothetical your honor if you have a Unreasonable search and seizure, let's say let's say a strip search in the middle of a public road, right, but that's that strip search is Is based upon on sexual motives you have two violations at that same time, right? you have a violation the equal protection clause in my mind because they're Disparate treatment because of sex and you also have violation of unreasonable search and seizure and so both of those acts if there was a case on point like that would serve as the basis for Proper notice and clearly established law So you've now Moved into the area of your cross appeal But yeah If we were to determine that you can't did you can't look at the color of state law because of jurisdictional problems But you can look at qualified immunity and if we were determined as I was Discussing with Miss Kuhn that there are these factual issues That there is a baseline, but there is factual issues sufficient that you got to go back for trial It would seem to me that it would be inconsistent with that to then say Let's take pendent jurors. There should have been pendent jurisdiction on the Substantive due process claim and we should affirm the district court on that because we're talking about the same underlying factual basis so I'm not sure how We would do that with having without having some kind of legal and factual inconsistency. I Don't your honor I appreciate your point. I don't think that's what the George case says I think the George case says and I'll admit it's in a footnote, right? But the Ninth Circuit says in the George George case that look saying the same legal standard and the same facts Is the circumstances especially under qualified immunity that would allow us? To invoke pendent jurisdiction and other other circuits have okay Well, let's say we did but then I'm at what I'm saying to you Isn't there something what you would basically say? Is that summary the district court granted summary judgment on the substantive due process, correct? Correct in your favor No, no, I mean in favor of the County So you want us to reverse that on appeal now? I want you to reverse the fact that it's because what because what the district court found is not that there was not a Constitutional violation which I think is what you're getting at But the district court found is that the law wasn't clearly established related to substantive due process And so those two things are not consistent in my mind in my mind those two things are completely consistent Especially where you have as here the same acts that invoked two different constitutional violations But I guess for pendent jurisdiction It's not just that there may be overlap between claims or issues Sure, but that one is inextricably intertwined with resolving the other and I just have a hard time seeing how We have to resolve a Substantive due process issue in order to resolve the qualified immunity equal protection issues that are before us yeah, it's a good question and I Fought to some extent with with with this in my mind, but in the end I couldn't get around it and it's this that if there is notice as the one constitutional violation You know, I don't think the court has to find that here I think the case law especially in George says same facts same law Same parties. They're inextricably intertwined But but if that does not satisfy the court as far as pendant jurisdiction goes, I think the finding of the same act Going back to the strip search analogy, right the same facts Constitute two separate constitutional violations Then you do have been pendent jurisdiction because if you're on notice of one constitutional violation, then you're you're on notice, right? It's not like we're taking a different set of facts I think I've to rule otherwise your honor would be to splitting hairs for what for no particular reason Let's assume. I don't know that the Supreme Court would agree with you. I mean when when that talks in Casella or other cases about Not staying at a level of generality of having to be more specific I don't think the court would say that just because a certain act might result in different constitutional violation claims That the court resolving one makes it interchangeable with another right? I mean, why does that make it? clear to an officer on the scene That if I'm violating, let's say the Eighth Amendment That it would also violate the Fourteenth Amendment the purpose of Qualified immunity, of course is to put the officer in on notice that his conduct is Illegal, we don't want people running around suing officers who? May not understand what they're doing is illegal or unconstitutional. Maybe it's more accurate. And so In this case if the same act invokes two separate Constitutional Amendments, I think he's on your notice you satisfied qualified immunity because the same act in two separate scenarios Well, sorry the same act violates two separate constitutional violations You have you are on notice officer right that this particular act strip-searching in the middle of the street a woman for sexual reasons, right that You're on notice and it satisfies the the purpose of qualified immunity So I I couldn't find it, but can you point to any case where a court has exercised? pending jurisdiction on interlocutory review for qualified immunity You're looked and I couldn't see it there's there was two cases The Ninth Circuit said it was possible. It doesn't answer your question the Hudson Hudson versus Hall did it's a Tenth Circuit case did exercise Qualified immunity or I'm sorry pendant jurisdiction on qualified immunity in two separate circumstances Or I'm sorry in one separate circumstance involving involving two separate rights. One was a Fourth Amendment attainment and one was Detainment the most a Fourth Amendment search and in that case They they ruled on both matters and then I think that One other case Well, you you can tell me later you can tell the panel later if If you find it, it's a Jackson case your honor. I'm sorry, and they didn't actually invoke they didn't invoke pendant jurisdiction, but they didn't indicate that if the Party had cross appealed because it didn't cross appeal that they would have invoked Pendant jurisdiction and in that case and that's a jet the Jackson case. I'm sorry I don't have the full name of the site here in front of me, but It is cited in the materials. So tell me in your view why? Samson is Let's talk about Samson just alone for the moment Why is that clearly established law in the context of this case in your view Your honor. I think it just follows a long line line of cases including Atkins And other cases that hold that in this scenario that Using your power Governmental power to abuse or coerce somebody into sexual activity or sexual sexually harassing them in that context is Clearly established. I think Samson in conjunction with a lot of other cases. I think Samson in conjunction with the Tenth Circuit case That we can't have any conjunctions with Beginning has to be clearly established Sure an officer in the Ninth Circuit sure and Fontana does that as well? But but but Samson was was one of the cases that Did that as well Fontana dang-bang all of those cases make it clearly clearly established that you cannot use your Governmental power to sexually harass or abuse women But your honor, I think even beyond that my point in listing off those original cases and common sense as I stated is is to your honors question, which was Isn't it wouldn't any reasonable officer just know that he can't Have sex with a known drug addict while the criminal charges are pending that he Can't do it in his uniform in a patrol vehicle That he can't Do it while she's high So let me ask you this isn't this one of those unique cases where? Hope versus Pelser may lead The path to a right to sit to a decision in this case your honor. I'm sorry. I don't I don't know hope Yeah, I don't know. Hope. Yeah. Well, you might want to go take a look at it. Okay, okay And my my my apologies, but that's okay. Yeah. Yeah, just being a 8th Amendment case where the prison officials put this fellow in a cage in the yard And left him there, okay There was no there was no case but the Supreme Court made it in that one rare instance. The Supreme Court said this is so obviously wrong You don't need you know Need another case. Yeah, and you're not that's what Fontana says, right? That's that's you know That's from the Supreme Court and in the Supreme Court. Although the Supreme Court has made it pretty clear. You need to You need to be able to point to something But They haven't Completely said you need an identical case or you need something that's on all floors and I agree your honor And that's what Fontana says now Fontana says look there's no legitimate governmental purpose in Sexual harassment or sexual assault and that's the exact case here. There is no no functional governmental purpose This is Malin per se This is the case that it's so patently obvious that any reasonable officer would know that this is Unconstitutional that it's on to me. That's that's the biggest point as we sit here Thank you very much, thank you Morning your honors. I think I asked for five, but I think I have two left. I'll try to keep it to two Briefly going back to the appeal itself. This court asked does the hope case essentially Control here. And again, this is specifically to the equal protection. I didn't use the word control Sure, I think the question essentially is isn't something so inherently wrong that the officer is on notice of it regardless of whether there's a Point or a case directly on point And in here if that was the way that the court could look at an issue like this I think that the issue in Samson would be or the ruling in Samson would be very different, you know Counsel wants to collapse basically notice of one type of constitutional violation is notice of another type of constitutional violation In Samson, I think if the court was able to use that type of analysis And if the court had used that type of analysis, they would have said well This was clearly the the officer was clearly on notice that that was unreasonable under the Fourth Amendment So we're just going to apply it to the 14th Amendment equal protection claim and the court didn't do that so I think that's oversimplifying the analysis that this court has inflicted upon itself But but turning more to the point, you know, again, you can't define this in terms of a level of generality So if the level of generality as well, isn't this just inherently wrong? You'd have to look at why the decision was in Ricky are the way it was Why the decision was in row the way it was I mean those were sexually those were sexual encounters between a state actor and a minor I mean those are almost you know more offensive than what would happen if we were to Disagree with you on the Qualified immunity on the equal protection How would you analyze then the cross appeal and Whether it's inextricably related factually And I think it may go back to the same type of analysis that I just articulated, you know You cannot at least I've never seen this court collapse the analysis quite like that and say that well the analysis for the 14th Amendment Equal protection claim is very similar to the 14th Amendment substantive due process claim So if we decide one we're essentially ipsy-dix it deciding the other You know as the court pointed out, I've not seen a court exercise pendant jurisdiction in that fashion I also looked I couldn't find anything the case found anything but but we're using those little words inextricably intertwined and it's the same Facts laid out. It's the same facts, but it would be a different legal analysis and a different type of Notice to defendant Holloway, I mean there's a different line of cases for equal protection as opposed to Substantive due process as opposed to Fourth Amendment, you know, frankly I was sort of surprised that if counsel is going to move on a cross appeal I'm surprised it wasn't under the Fourth Amendment a granting of the Fourth Amendment claim because I think the seizure claim is a bit more Similar to the equal protection claim, but you know now that we're here and we're under substantive due process That that claim is even more far afield from equal protection than than the Fourth Amendment claim I mean in a way it's I guess we're all wrestling with What box to put these things in and at the root of all of this is I take counsel's point? An abuse of power from an office is the allegation Where whether you're under arrest or you know, you're you're a public servant and you're abusing your office in order to Do something sexually inappropriate crossing a line Why isn't that inextricable in the in the end? Between those two things sure and I think the court's use of the term box is appropriate I mean in the federal context and under the Amendments and under the 14th Amendment and the different causes of action available under the 14th Amendment They are boxes and they are different types of boxes, you know plaintiffs not without a remedy She still has her wool ad claims. She would still have number a number of state law claims, but in inherent in the 1983 analysis and the qualified immunity analysis is this analysis that was Holloway put on notice that his By his violation was unconstitutional and specifically unconstitutional as it relates to the specific cause of action So that's why I think we have to analyze those things separately Thank you, I think we are done with our questions counsel, thank you both for a very helpful arguments the matter will stand submitted
judges: McKEOWN, PAEZ, SANCHEZ